■ NATIONSTAR MORTGAGE, LLC, Respondent, v STEVEN WEISBLUM et al., Appellants, et al., Defendant. [39 NYS3d 491]—

In an action to foreclose a mortgage, the defendants Steven Weisblum and Patti Weisblum appeal (1) from an order of the Supreme Court, Westchester County (Wood, J.), dated July 1, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and (2), as limited by their brief, from so much of an order of the same court dated November 25, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint.

Ordered that the order dated July 1, 2014, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated November 25, 2014, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the plaintiff's motion which was for summary judgment on the complaint is denied.

In April 2006, the defendants Steven Weisblum and Patti Weisblum (hereinafter together the defendants) executed a note in the amount of $672,000, which was secured by a mortgage on residential property located in Rye Brook. In December 2006, the defendants executed a second note and mortgage on the property in the amount of $32,000. On the same date, they executed a "Consolidation, Extension and Modification Agreement" (hereinafter the CEMA), pursuant to which the first and second mortgages were consolidated into a

single lien. The CEMA expressly incorporated by reference a consolidated note in the amount of $704,000, dated December 11, 2006. The defendants defaulted on the consolidated note and, on March 30, 2009, Aurora Loan Services, LLC (hereinafter Aurora), commenced a foreclosure action (hereinafter the prior action). Thereafter, the Supreme Court granted Aurora's motion for summary judgment on the complaint and denied the defendants' cross motion for summary judgment dismissing the complaint. This Court reversed, denied Aurora's motion, and granted the defendants' cross motion on the ground that Aurora failed to provide the defendants with notice pursuant to RPAPL 1304 (see *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95 [2011]). In July 2013, Nationstar Mortgage, LLC (hereinafter the plaintiff), commenced the instant foreclosure action against the defendants. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. By order dated July 1, 2014, the Supreme Court denied the defendants' motion. Shortly thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint. By order dated November 25, 2014, the court, inter alia, granted that branch of the plaintiff's motion.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint as time-barred. "As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding . . . the action" (*Wells Fargo Bank, N.A. v Burke*, 94 AD3d 980, 982 [2012]; see CPLR 213 [4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see *Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 982; *Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 754 [2011]; *Loiacono v Goldberg*, 240 AD2d 476, 477 [1997]). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (*EMC Mtge. Corp. v Patella*, 279 AD2d 604, 605 [2001]; see *Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 982). Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be "clear and unequivocal" (*Sarva v Chakravorty*, 34 AD3d 438, 439 [2006]; see *Wells Fargo Bank, N.A. v Burke*, 94 AD3d at 982).

Here, the defendants failed to establish, prima facie, that this action is time-barred. In support of their motion, the defendants submitted the affidavit of the defendant Steven

Weisblum, stating that Aurora accelerated the debt in June of 2007. That averment is conclusory and unsupported by any evidence submitted with the defendants' motion. The only evidence submitted by the defendants establishing clear and unequivocal notice to accelerate the debt was a statement in the complaint in the prior action, which Aurora commenced on March 30, 2009, less than six years prior to the commencement of the instant action on July 10, 2013. Contrary to the defendants' contention, an affidavit of Aurora's vice president submitted in the prior action did not establish an earlier acceleration date. Further, there is no merit to the defendants' contention that a cause of action to recover any installment payment due beyond six years from commencement of the prior action was time-barred (cf. Wells Fargo Bank, N.A. v Cohen, 80 AD3d at 754; EMC Mtge. Corp. v Suarez, 49 AD3d 592, 593 [2008]).

Contrary to the defendants' contention, the plaintiff established, prima facie, that it had standing to commence the instant action. A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 899 [2016]; Bank of Am., N.A. v O'Gorman, 137 AD3d 1179, 1180 [2016]). The mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109). Here, the plaintiff annexed to the complaint, inter alia, the consolidated note dated December 11, 2006, in the amount of $704,000, which was endorsed in blank (see Nationstar Mtge., LLC v Catizone, 127 AD3d 1151, 1152 [2015]). Moreover, in support of its motion for summary judgment on the complaint, the plaintiff submitted the affidavit of its assistant secretary, who stated that the plaintiff received the original note on July 3, 2012, that the note was endorsed in blank, that the note was transferred to the plaintiff prior to commencement of the action, and that the plaintiff continued to hold the original note (see Federal Natl. Mtge. Assn. v Yakaputz II, Inc., 141 AD3d 506 [2016]; Citimortgage, Inc. v Klein, 140 AD3d 913 [2016]; Wells Fargo Bank, N.A. v Parker, 125 AD3d 848 [2015]; cf. U.S. Bank N.A. v Handler, 140 AD3d 948 [2016]). In opposition, the defendants failed to raise a triable issue of fact.

However, as the defendants correctly contend, that branch of the plaintiff's motion which was for summary judgment on the

complaint was untimely. CPLR 3212 (a) provides that "[i]f no such date is set by the court, [a motion for summary judgment] shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (CPLR 3212 [a]; *see Brill v City of New York*, 2 NY3d 648, 651 [2004]; *Boereau v Scott*, 140 AD3d 687 [2016]). Here, the plaintiff's motion was made 128 days after filing of the note of issue, or 8 days after the 120-day deadline imposed by the Supreme Court in a notice to resume prosecution dated December 17, 2013. The plaintiff failed to demonstrate, in its moving papers, good cause for not filing the motion in a timely manner, as directed by the court (*see Goldin v New York & Presbyt. Hosp.*, 112 AD3d 578, 579 [2013]). The court improvidently exercised its discretion in considering that branch of the plaintiff's motion which was for summary judgment on the complaint and in considering the good cause arguments raised for the first time in the plaintiff's reply papers (*see id.* at 579; *St. John's Univ. v Butler Rogers Baskett Architects, P.C.*, 105 AD3d 728, 728 [2013]; *Cabibel v XYZ Assoc., L.P.*, 36 AD3d 498, 498 [2007]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.