Urmas Medical, P.C., as Assignee of Hensley Dupigny, Appellant, 
against
21st Century Centennial Ins. Co., Respondent.




Gary Tsirelman, P.C. (Joseph Padrucco and Devon Christian of counsel), for appellant.
Law Offices of Buratti, Rothenberg & Burns (Marisa Villafana-Jones of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (John J. Kelley, J.), entered March 10, 2017. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is denied.
After plaintiff filed a notice of trial in this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion arguing, among other things, that the motion was untimely. In reply papers, defendant conceded that its motion was untimely and, for the first time, sought to provide good cause for its untimely filing of the motion. By order entered March 10, 2017, the Civil Court found "defendant's motion to be timely," and granted the motion.
CPLR 3212 (a) provides that a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see also Brill v City of New York, 2 NY3d 648, 651 [2004]). On appeal, as in the court below, defendant concedes that it moved for summary judgment more than 120 days after the notice of trial had been filed. Defendant argues that it had been unaware that the motion was late until it read plaintiff's opposition papers, after which it submitted reply papers in which it sought to provide good cause for the late motion. Since defendant failed to demonstrate, in its moving papers, good cause for not filing its motion within the time frame of CPLR 3212 (a), the Civil Court improvidently exercised its discretion in entertaining defendant's motion after considering the good cause arguments defendant raised for the first time in its reply papers (see [*2]Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869 [2016]; Goldin v New York & Presbyt. Hosp., 112 AD3d 578, 579 [2013]). We note that "[a]rguments raised for the first time in reply may be considered if the original movant is given the opportunity to respond and submits papers in surreply" (Gluck v New York City Tr. Auth., 118 AD3d 667, 668 [2014]). In the case at bar, however, "there is no indication that plaintiff was afforded an opportunity to submit a surreply" (Gottlieb v Wynne, 159 AD3d 799, 801 [2018]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is denied.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018