Deutsche Bank Natl. Trust Co. v Ahmed (2019 NY Slip Op 05956)





Deutsche Bank Natl. Trust Co. v Ahmed


2019 NY Slip Op 05956


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-06391
 (Index No. 505040/15)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Shahnaz Ahmed, appellant, et al., defendants.


Charles H. Small, New York, NY, for appellant.
Parker Ibrahim & Berg LLC, New York, NY (Anthony W. Vaughn, Jr., Vanessa L. Williams, and Ben Z. Raindorf of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shahnaz Ahmed appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated May 4, 2017. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
ORDERED that the order affirmed, with costs.
In April 2015, the plaintiff commenced this action against, among others, the defendant Shahnaz Ahmed to foreclose a mortgage on real property located in Brooklyn. In July 2015, Ahmed moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The Supreme Court denied the motion, concluding that Ahmed's written acknowledgments of the debt renewed the statute of limitations pursuant to General Obligations Law § 17-101. Ahmed appeals. We affirm, albeit for reasons other than those stated in the order appealed from.
Contrary to Ahmed's contention, the six-year statute of limitations did not begin to run on the entire debt on December 1, 2007, the date on which Ahmed initially defaulted on her mortgage payments. "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, even if a mortgage is payable in installments, once a mortgage debt is accelerated by the lender in accordance with the terms of the loan documents, the entire amount becomes due and the statute of limitations begins to run on the entire debt (see U.S. Bank Natl. Assn. v Sopp, 170 AD3d 776). "Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439).
Here, the only record evidence of any clear and unequivocal election by the plaintiff to accelerate the mortgage is contained in the complaint, which is dated April 22, 2015. Although it is undisputed that a prior foreclosure action was commenced by the plaintiff in 2008, the complaint in the prior action is not in the record, and Ahmed has failed to submit any other evidence of a clear [*2]and unequivocal acceleration of the mortgage debt more than six years before this action was commenced. Therefore, Ahmed failed to meet her initial burden of showing, prima facie, that the time in which to commence an action with respect to the entire debt has expired, and her motion should have been denied on that ground.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court