Nationstar Mtge., LLC v Cantwell (2019 NY Slip Op 07892)





Nationstar Mtge., LLC v Cantwell


2019 NY Slip Op 07892


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-02397
 (Index No. 50229/15)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Margaret G. Cantwell, et al., respondents, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.
Margaret G. Cantwell, Stormville, NY, respondent pro se, and David M. Bodisher, Stormville, NY, respondent pro se (one brief filed).



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated February 1, 2017. The order, insofar as appealed from, (1) upon renewal and reargument, adhered to a prior determination in an order of the same court dated May 16, 2016, denying the plaintiff's motion for summary judgment dismissing the answers and counterclaims asserted by the defendants Margaret G. Cantwell and David M. Bodisher and for an order of reference, and (2), upon searching the record, awarded summary judgment to those defendants dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and, upon renewal and reargument, the plaintiff's motion for summary judgment dismissing the answers and counterclaims asserted by the defendants Margaret G. Cantwell and David M. Bodisher and for an order of reference is granted.
On October 30, 2006, Margaret G. Cantwell executed a note in the sum of $396,000 in favor of Geneva Mortgage Corp. (hereinafter Geneva). The note was secured by a mortgage on residential property in East Fishkill (hereinafter the premises), which was executed by both Cantwell and David M. Bodisher (hereinafter together the defendants). By assignment of mortgage dated October 1, 2008, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Geneva, assigned the mortgage to HSBC Bank USA, N.A., as trustee (hereinafter HSBC). By assignment of mortgage dated September 24, 2014, HSBC assigned the mortgage to the plaintiff.
On February 16, 2015, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants separately interposed pro se answers to the complaint, in which they each asserted as affirmative defenses, inter alia, that the plaintiff lacked standing and that the action was barred by the statute of limitations. The defendants each alleged that the loan was accelerated on May 21, 2008, as set forth in a notice of default dated April 16, 2008, and that, therefore, the statute of limitations expired on May 21, 2014, prior to the commencement of the instant action on February 16, 2015.
Thereafter, the plaintiff moved, inter alia, for summary judgment dismissing the defendants' answers and counterclaims and for an order of reference. The defendants cross-moved, [*2]inter alia, pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them for lack of standing. In a supporting affidavit, Cantwell argued, inter alia, that the action was time-barred because the loan was accelerated on March 25, 2008, as set forth in a notice of default dated February 19, 2008. In an order dated May 16, 2016, the Supreme Court denied, in effect, with leave to renew after further proceedings regarding the issue of standing, both the plaintiff's motion and the defendants' cross motion.
The plaintiff moved for leave to renew and reargue its prior motion. The defendants opposed the motion. In an order dated February 1, 2017, the Supreme Court, inter alia, upon renewal and reargument, vacated the order dated May 16, 2016, denied the plaintiff's motion for summary judgment dismissing the defendants' answers and counterclaims and for an order of reference, and, upon searching the record, awarded summary judgment to the defendants dismissing the complaint insofar as asserted against them. The plaintiff appeals.
To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (see Deutsche Bank Natl. Trust Co. v Matzen, 174 AD3d 504; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 830; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Here, the plaintiff submitted the note, the mortgage, and evidence of default in the form of the affirmation of its vice president, which stated that the defendants failed to pay the installment payment due as of March 1, 2008, and all payments due thereafter, along with a copy of a "payment history" showing that no payments on the loan were made on or after March 2008. The plaintiff also established, prima facie, that it had standing, as evidenced by its attachment of the note, endorsed in blank by Geneva, the original lender, to the summons and complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Cardona, 172 AD3d 1313).
Moreover, the plaintiff demonstrated, prima facie, that the action was not time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Bank of N.Y. Mellon v Morris, 172 AD3d 1150, 1151; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Contrary to the defendants' contention, the April 16, 2008, notice of default, which advised that the loan would be accelerated if the default was not cured by May 21, 2008, was "nothing more than a letter discussing acceleration as a possible future event, which [did] not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704; Bank of N.Y. Mellon v Morris, 172 AD3d at 1151).
In opposition, the defendants failed to raise a triable issue of fact. Contrary to their contention, and to the Supreme Court's determination, the language in a notice of default dated February 19, 2008, which was essentially identical to that set forth in the April 16, 2008, notice, was also a mere "expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d 145, 152).
In view of our determination, we need not address the parties' remaining contentions.
Accordingly, the Supreme Court, upon renewal and reargument, should have granted the plaintiff's motion for summary judgment dismissing the defendants' answers and counterclaims and for an order of reference, and should not have searched the record and awarded the defendants summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court