O'Neil v Environmental Prods. Corp. (2020 NY Slip Op 05516)





O'Neil v Environmental Prods. Corp.


2020 NY Slip Op 05516


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-00235
 (Index No. 604799/14)

[*1]Brian O'Neil, plaintiff-appellant,
v
Environmental Products Corporation, respondent, King Kullen Grocery Co., Inc., defendant-appellant.


Mallilo & Grossman, Flushing, NY (John S. Manessis of counsel), for plaintiff-appellant.
Bond, Schoeneck & King PLLC, Garden City, NY (Christopher F. Mansfield of counsel), for defendant-appellant.
Martyn and Martyn, Mineola, NY (Thomas M. Martyn of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant King Kullen Grocery Co., Inc., separately appeals, from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered November 21, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendant Environmental Products Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal by the defendant King Kullen Grocery Co., Inc., is dismissed, as it is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v. TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiff, on the the law and in the exercise of discretion, and that branch of the motion of the defendant Environmental Products Corporation which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Environmental Products Corporation.
On May 31, 2014, the plaintiff allegedly sustained serious injuries when the upper door of a recycling machine in the bottle recycling room at a supermarket operated by the defendant King Kullen Grocery Co, Inc., in Hewlett, opened and struck the plaintiff in the head as he was bending over to retrieve cans out of a bag. In September 2014, the plaintiff commenced this action against, among others, the defendant Environmental Products Corporation (hereinafter the defendant), alleging negligence. In a certification order dated December 8, 2016, the Supreme Court set forth that motions for summary judgment were to be made within 90 days of the filing of the note of issue. The plaintiff filed his note of issue on December 14, 2016, but the defendant did not move for summary judgment until April 13, 2017. The plaintiff opposed the defendant's motion, inter alia, [*2]on the ground that it was untimely. In an order entered November 21, 2017, the court, among other things, determined that the defendant had shown good cause for the delay in making its motion and granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
Pursuant to CPLR 3212, courts have "considerable discretion to fix a deadline for filing summary judgment motions," so long as the deadline is not "earlier than 30 days after filing the note of issue or (unless set by the court) later than 120 days after the filing of the note of issue, except with leave of court on good cause shown" (Brill v City of New York, 2 NY3d 648, 651; see CPLR 3212). As a general matter, a court should not consider a good cause argument proffered by a movant if it is presented for the first time in reply papers (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869; Goldin v New York & Presbyt. Hosp., 112 AD3d 578, 579; St. John's Univ. v Butler Rogers Baskett Architects, P.C., 105 AD3d 728, 728). Here, it is undisputed that the defendant moved for summary judgment approximately 30 days after the date set by the Supreme Court without seeking leave of the court or offering an explanation showing good cause for the delay in their moving papers. As a result, the court improvidently exercised its discretion in considering that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it and in considering the good cause arguments raised for the first time in the defendant's reply papers (see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 869; Goldin v New York & Presbyt. Hosp., 112 AD3d at 579).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
In light of our determination, we need not consider the parties' remaining contentions.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court