Rivera v Zouzias (2021 NY Slip Op 00443)





Rivera v Zouzias


2021 NY Slip Op 00443


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-11356
 (Index No. 710476/16)

[*1]Iris Carmen Rivera, et al., appellants,
v
Dimitris C. Zouzias, etc., et al., respondents.


Erlanger Law Firm PLLC, New York, NY (Robert K. Erlanger of counsel), for appellants.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered July 31, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On December 18, 2015, the plaintiff Iris Carmen Rivera (hereinafter the injured plaintiff) allegedly sustained personal injuries inside the defendants' premises in Queens. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, against the defendants to recover damages for personal injuries.
On January 12, 2018, the plaintiffs filed the note of issue. More than 120 days later, the defendants moved for summary judgment dismissing the complaint. The plaintiffs, in opposition, contended, inter alia, that the motion was untimely. In reply, the defendants argued, among other things, that they had good cause for the delay in making the motion. The Supreme Court granted the motion, and the plaintiffs appeal.
Pursuant to CPLR 3212(a), unless the trial court directs otherwise, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (see Brill v City of New York, 2 NY3d 648). Here, the defendants moved for summary judgment dismissing the complaint more than 120 days after the filing of the note of issue without seeking leave of court or offering an explanation showing good cause for their delay. As a result, the Supreme Court improvidently exercised its discretion in considering the defendants' good cause argument, presented for the first time in reply papers, and in granting their motion (see O'Neil v Environmental Prods. Corp., 187 AD3d 771, 772; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 869; Goldin v New York & Presbyt. Hosp., 112 AD3d 578, 579).
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court