U.S. Bank N.A. v Morton (2021 NY Slip Op 04570)





U.S. Bank N.A. v Morton


2021 NY Slip Op 04570


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-07191
 (Index No. 67501/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Allen J. Morton, etc., et al., appellants, et al. defendants.
 


Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.
Michael Kennedy Karlson, New York, NY, for appellants.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Allen J. Morton and Patsy J. Morton appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 7, 2019. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
Allen J. Morton and Patsy J. Morton (hereinafter together the defendants) executed two notes which were consolidated by a consolidation, extension, and modification agreement dated May 17, 2005. This debt was secured by a mortgage on property located in Mount Kisco (hereinafter the subject property).
In November 2016, the plaintiff commenced this action to foreclose the mortgage. The plaintiff alleged that the defendants defaulted on the note by failing to make the payments due on June 1, 2014, and thereafter.
The defendants made a pre-answer motion to dismiss the complaint pursuant to, inter alia, RPAPL 1304, which was denied in an order.
After interposing an answer, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated July 16, 2018, the Supreme Court, inter alia, denied those branches of the defendants' motion and granted those branches of the plaintiff's cross motion. The defendants filed a notice of appeal from this order, and this appeal was dismissed for lack of prosecution.
A referee was appointed by order dated August 6, 2018, and thereafter the action was transferred to the Mandatory Appearance Part - Foreclosure. The matter was then transferred to the Foreclosure Settlement Conference Part, and the matter was released on December 20, 2018, without settlement.
On January 3, 2019, the referee sent a notice to the parties setting January 17, 2019, as the date for the computational hearing. The defendants wrote a letter rejecting the notice as untimely pursuant to CPLR 4313. The defendants declined to appear at the noticed hearing.
The referee issued an oath and report on January 14, 2019. Utilizing the summons and complaint, the affidavit of merit and amount due, and the note and mortgage agreement, the referee determined that the amount due and owing to the plaintiff was $476,833.78.
On or about January 24, 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendants opposed the motion.
The Supreme Court granted the plaintiff's motion, and issued an order and judgment of foreclosure and sale dated May 7, 2019. The defendants appeal.
Contrary to the defendants' contention, they did not raise any evidence of fraud that would call into question the plaintiff's compliance with RPAPL 1304. "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, 'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (id. at 20-21, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 658). Here, the affidavit of Mark Syphus, an officer at Select Portfolio Servicing, Inc., the plaintiff's attorney-in-fact, established the plaintiff's strict compliance with RPAPL 1304.
The defendants also failed to prove that they were prejudiced by the lack of a referee hearing. The referee did not violate CPLR 4313 by scheduling a hearing more than 20 days after the order of reference was issued because the matter was stayed when it was transferred to the settlement part. Furthermore, the defendants specifically declined to appear at a hearing, thereby waiving their right to appear. In any event, the defendants were not prejudiced by the lack of a hearing because the Supreme Court, as the ultimate arbiter of the dispute, was able to consider the defendants' evidence submitted in their opposition to the plaintiff's motion to confirm the referee's report (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237).
Further,"'[t]he report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility'" (33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1019-1020, quoting Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791). Here, the referee's finding as to the interest rate is supported by the record.
Accordingly, the Supreme Court properly granted the plaintiff's motion to confirm the referee's report and directed the sale of the subject property.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.

2019-07191 DECISION & ORDER ON MOTION
U.S. Bank National Association, etc., respondent,
v Allen J. Morton, etc., et al., appellants, et al.
defendants.
(Index No. 67501/16)

Motion by the respondent, inter alia, to strike Points I and III of the appellants' brief on the ground that the dismissal of two prior appeals for failure to timely perfect precludes consideration of the issues raised in those Points of argument pursuant to Bray v Cox (38 NY2d 350). By decision and order on motion of this Court dated June 22, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to strike Points I and III of the appellants' brief is granted to the extent that Point III of argument is stricken from the appellants' brief and has not been considered in the determination of the appeal, and that branch of the motion is otherwise denied.
RIVERA, J.P., DUFFY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court