U.S. Bank N.A. v Coutryer (2022 NY Slip Op 00456)





U.S. Bank N.A. v Coutryer


2022 NY Slip Op 00456


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
SHERI S. ROMAN
DEBORAH A. DOWLING, JJ.


2018-11039
 (Index No. 5030/16)

[*1]U.S. Bank National Association, etc., respondent,
v
David Coutryer, et al., appellants, et al., defendants.


Dennis P. Ahern, Kings Park, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants David Coutryer and Sakeena Walston appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 13, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2016, the plaintiff commenced this mortgage foreclosure action against the defendants David Coutryer and Sakeena Walston (hereinafter together the defendants), among others. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order entered June 13, 2018, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendants appeal.
"A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103). Thus, a plaintiff may demonstrate its standing in a mortgage foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action (see US Bank Trust, N.A. v Loring, 193 AD3d at 1103; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). Here, the plaintiff demonstrated that it had standing to commence the instant action by attaching a copy of the original note endorsed in blank to the summons and complaint when it commenced the instant action (see US Bank Trust, N.A. v Loring, 193 AD3d at 1103).
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, [*2]172 AD3d 17, 20; see U.S. Bank N.A. v Morton, 196 AD3d 715, 716). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, 'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21, quoting Bank of Am., N.A. v Bittle, 168 AD3d 656, 658 [internal quotation marks omitted]; see U.S. Bank N.A. v Morton, 196 AD3d at 716-717). Here, the affidavit of Ebony White, a document execution associate at the plaintiff's loan servicer, established the plaintiff's strict compliance with RPAPL 1304 (see Federal Natl. Mtge. Assn. v Ambrosio, 197 AD3d 560, 563).
The defendants' remaining contentions are without merit.
CONNOLLY, J.P., HINDS-RADIX, ROMAN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court