HSBC Bank USA, N.A. v Min Young You (2022 NY Slip Op 01293)





HSBC Bank USA, N.A. v Min Young You


2022 NY Slip Op 01293


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-13726
 (Index No. 604116/18)

[*1]HSBC Bank USA, N.A., respondent,
v
Min Young You, et al., appellants, et al., defendants.


James J. Quail & Associates P.C., Massapequa, NY, for appellants.
Phillips Lytle LLP, Buffalo, NY (Preston L. Zarlock and Patricia M. Pirri of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Min Young You and Jin Woong You appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 5, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred, and granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants, to strike their counterclaims, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 26, 2006, the defendant Min Young You executed a note in favor of HSBC Mortgage Corporation (USA) (hereinafter HSBC Corp.) in the sum of $402,000. The note was secured by a mortgage on certain real property located in Plainview. The mortgage was signed by both Min Young You and the defendant Jin Woong You (hereinafter together the defendants).
On or about on July 20, 2009, HSBC Corp. commenced an action to foreclose the mortgage against the defendants, among others (hereinafter the 2009 action). On May 13, 2014, HSBC Corp. filed an affirmation voluntarily discontinuing the action and an affirmation cancelling the notice of pendency.
On August 24, 2011, the mortgage was assigned to the plaintiff, HSBC Bank USA, N.A. On March 29, 2018, the plaintiff commenced the instant action to foreclose the mortgage against the defendants, among others. The defendants answered and thereafter moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In support of the motion, the defendants submitted, among other things, the complaint in the 2009 action. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their counterclaims, and for an order of reference.
In an order entered November 5, 2018, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred and granted the plaintiff's cross motion. The defendants [*2]appeal.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213[4]; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due, and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Acceleration may occur, inter alia, by the commencement of a foreclosure action (see Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670).
"A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070). "[W]here acceleration occur[s] by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32).
Here, the defendants established that the mortgage debt was accelerated in 2009, when HSBC Corp. commenced the 2009 action and elected to call due the entire amount secured by the mortgage. The plaintiff, however, submitted evidence that HSBC Corp. filed a voluntary discontinuance of that action, which constituted an affirmative act of revocation of the acceleration of the debt within the six-year limitations period. Therefore, the instant action is timely (see id. at 34), and the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
Moreover, "[a] plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). Since the attachment of an endorsed note to the complaint in a foreclosure action is sufficient to demonstrate that the plaintiff was the holder of the note at the time the action was commenced, contrary to the defendants' contention, the plaintiff established, prima facie, its standing to commence the action (see CitiMortgage, Inc. v Chako, 181 AD3d 789, 790; Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126; CitiMortgage, Inc. v McKenzie, 161 AD3d 1040, 1041). In opposition, the defendants failed to raise a triable issue of fact (see CitiMortgage, Inc. v Chako, 181 AD3d at 790; CitiMortgage, Inc. v McKenzie, 161 AD3d at 1041). Accordingly, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendants, to strike their counterclaims, and for an order of reference.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court