Brennan v Deutsche Bank Trust Co. Ams. (2025 NY Slip Op 02308)

Brennan v Deutsche Bank Trust Co. Ams.

2025 NY Slip Op 02308

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-08522
2022-02019
 (Index No. 36928/19)

[*1]Mary Brennan, etc., et al., appellants,
v Deutsche Bank Trust Company Americas, etc., respondent, et al., defendants.

The Lauterbach Law Firm, New City, NY (R. Spencer Lauterbach of counsel), for appellants.
Phillips Lytle LLP, Buffalo, NY (Sean C. McPhee of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from (1) an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated October 12, 2021, and (2) a judgment of the same court dated February 28, 2022. The order granted the motion of the defendant Deutsche Bank Trust Company Americas for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim to recover damages for breach of contract, and denied the plaintiffs' cross-motion for summary judgment on the amended complaint insofar as asserted against the defendant Deutsche Bank Trust Company Americas and, in effect, dismissing that defendant's counterclaim to recover damages for breach of contract. The judgment, upon the order, is in favor of the defendant Deutsche Bank Trust Company Americas and against the plaintiffs dismissing the amended complaint and awarding that defendant the principal sum of $135,301.02 on its counterclaim to recover damages for breach of contract.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Deutsche Bank Trust Company Americas for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim to recover damages for breach of contract is denied, the plaintiffs' cross-motion for summary judgment on the amended complaint insofar as asserted against the defendant Deutsche Bank Trust Company Americas and, in effect, dismissing that defendant's counterclaim to recover damages for breach of contract is granted, the amended complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
In April 2013, Deutsche Bank Trust Company Americas (hereinafter Deutsche Bank) commenced an action against Mary Brennan and John Brennan (hereinafter together the Brennans), among others, to foreclose a mortgage on certain real property located in Rockland County (hereinafter the 2013 action). After the Brennans interposed an answer asserting various affirmative defenses, Deutsche Bank moved, inter alia, for summary judgment on the complaint insofar as asserted against the Brennans. The Brennans cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that Deutsche Bank lacked standing and failed to comply with RPAPL 1304 and the notice of default provisions of the mortgage agreement. In an order dated April 20, 2018, the Supreme Court denied Deutsche Bank's motion, granted the Brennans' cross-motion, and directed dismissal of the complaint, determining that Deutsche Bank failed to establish, prima facie, its strict compliance with RPAPL 1304.
In December 2019, the Brennans commenced this action, among other things, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage against, among others, Deutsche Bank in its capacity as trustee for Residential Accredit Loans, Inc., Mortgage Backed Pass-Through Certificates, Series 2006-QS11, and as trustee for RALI 2006-QS11. Deutsche Bank interposed an answer with a counterclaim to recover damages for breach of contract, alleging that the Brennans breached provisions of the mortgage agreement regarding the payment of, inter alia, taxes and insurance on the property. Thereafter, Deutsche Bank moved for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim. The Brennans cross-moved for summary judgment on the amended complaint insofar as asserted against Deutsche Bank and, in effect, dismissing Deutsche Bank's counterclaim. In an order dated October 12, 2021, the Supreme Court granted Deutsche Bank's motion and denied the Brennans' cross-motion. In a judgment dated February 28, 2022, the court dismissed the amended complaint and awarded Deutsche Bank damages in the principal sum of $135,301.02 on its counterclaim. The Brennans appeal.
RPAPL 1501(4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom" (see Bank of Am., N.A. v Scher, 205 AD3d 985, 987). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "An acceleration of a mortgage debt can occur 'when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due'" (Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844, quoting Milone v US Bank N.A., 164 AD3d 145, 152; see J & JT Holding Corp. v Deutsche Bank Natl. Trust Co., 173 AD3d 704, 707).
Here, the Brennans established that the mortgage debt was accelerated in April 2013, when Deutsche Bank commenced the 2013 action and elected to call due the entire amount secured by the mortgage in the complaint (see Collins v Bank of N.Y. Mellon, 227 AD3d 948; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722; U.S. Bank N.A. v Doura, 204 AD3d 721, 723), and that this action was commenced more than six years later, in December 2019. Thus, by establishing that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations, the Brennans met their prima facie burden of demonstrating their entitlement to judgment as a matter of law on the amended complaint (see Ditmid Holdings, LLC v JPMorgan Chase Bank, N.A., 180 AD3d 1002, 1003; 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986). The Brennans also established, prima facie, that Deutsche Bank's counterclaim based upon breach of the mortgage agreement was time-barred (see RPAPL 1301[4]; Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641).
Deutsche Bank's argument that the complaint in the 2013 action did not constitute [*2]a valid acceleration of the debt is precluded by the Foreclosure Abuse Prevention Act (hereinafter FAPA) (L 2022, ch 821 [eff Dec. 30, 2022]). FAPA amended CPLR 213(4) to provide that in an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, "a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4][b]). Here, the Supreme Court directed dismissal of the complaint in the 2013 action upon a determination that Deutsche Bank failed to establish, prima facie, its strict compliance with RPAPL 1304. The mailing of a RPAPL 1304 notice, while a condition precedent to commencing a foreclosure action, is not a precondition for acceleration of the debt (see HSBC Bank USA, N.A. v Gifford, 224 AD3d 447), and thus, the 2013 action was not dismissed upon an expressed judicial determination that the debt was not validly accelerated.
Accordingly, the Supreme Court should have denied Deutsche Bank's motion for summary judgment dismissing the amended complaint insofar as asserted against it and on its counterclaim, and should have granted the Brennans' cross-motion for summary judgment on the amended complaint insofar as asserted against Deutsche Bank and, in effect, dismissing Deutsche Bank's counterclaim.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court