UMB Bank, N.A. v Janvier (2025 NY Slip Op 05273)

UMB Bank, N.A. v Janvier

2025 NY Slip Op 05273

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-09733
 (Index No. 530720/23)

[*1]UMB Bank, National Association, etc., appellant,
v
Vladimir Janvier, respondent, et al., defendants.

Gross Polowy, LLC, Williamsville, NY (Steven Rosenfeld of counsel), for appellant.
David M. Harrison, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 25, 2024. The order granted the motion of the defendant Vladimir Janvier pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In February 2016, Wells Fargo Bank, N.A. (hereinafter Wells Fargo) commenced an action to foreclose a mortgage on certain real property located in Brooklyn (hereinafter the 2016 action) against, among others, the defendant Vladimir Janvier (hereinafter the defendant). In February 2023, the Supreme Court directed dismissal of the 2016 action insofar as asserted against the defendant.
In October 2023, the plaintiff, as assignee of the note and mortgage, commenced this action to foreclose the mortgage against the defendant, among others. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. In an order dated March 25, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id. § 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Gruen, 237 AD3d 996, 997). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage" (Community Loan Servicing, LLC v Mendlovits, 239 AD3d 591, 592 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Atedgi, 236 AD3d 707, 711).
Here, the defendant established, prima facie, that this action is time-barred, and in opposition, the plaintiff failed to raise a question of fact. The defendant demonstrated that the six-year statute of limitations began to run on the entire debt in February 2016, when the 2016 action was commenced by Wells Fargo, the plaintiff's predecessor in interest, which elected to call due the entire amount secured by the mortgage (see CPLR 213[4]; U.S. Bank N.A. v Unger, 230 AD3d 827, [*2]828).
"A toll suspends the running of the applicable statute of limitations for a finite time period, and the period of the toll is excluded from the calculation of the time in which a plaintiff may commence an action" (Trento 67, LLC v OneWest Bank, N.A., 230 AD3d 1, 8). Here, as a result of executive orders issued in response to the COVID-19 pandemic, the statute of limitations was tolled for the 228-day period between March 20, 2020, and November 3, 2020 (see Wells Fargo Bank, N.A. v Leopold & Assoc., PLLC, 238 AD3d 1195, 1196). In addition, under the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020 (CEEFPA) (L 2020, ch 381), "[i]f a mortgagor provides a hardship declaration to the foreclosing party or an agent of the foreclosing party, there shall be no initiation of an action to foreclose a mortgage against the mortgagor until at least May 1, 2021, and in such event any specific time limit for the commencement of an action to foreclose a mortgage shall be tolled until May 1, 2021" (L 2020, ch 381, § 3, part B, subpart A, § 5). The toll was later extended to January 15, 2022, when CEEFPA expired (see L 2021, ch 417, § 2, part C, subpart C, § 4; see generally County Acquisitions, LLC v Lanser, 235 AD3d 831, 837). Here, the defendant demonstrated that he served a hardship declaration on February 2, 2021. Thus, the plaintiff was only entitled to a toll pursuant to CEEFPA for the 347-day period between February 2, 2021 and January 15, 2022. After accounting for the 228-day toll and the 347-day toll, the plaintiff was required to commence an action no later than September 20, 2023. Thus, this action, commenced in October 2023, was time-barred.
Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 3211(a)(5) dismissing the complaint insofar as asserted against him as time-barred.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court