Deutsche Bank Natl. Trust Co. v Rivera
2026 NY Slip Op 03423
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., appellant,
v
Rosario Rivera, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-06307, (Index No. 54842/21)
Cheryl E. Chambers, J.P.
Deborah A. Dowling
Lillian Wan
Elena Goldberg Velazquez, JJ.

Hinshaw & Culbertson LLP, New York, NY (Nicholas A. Ponzo and Schuyler B. Kraus of counsel), for appellant.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated March 26, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Rosario Rivera, to strike that defendant's answer, affirmative defenses, and counterclaim, and for an order of reference and granted the cross-motion of the defendant Rosario Rivera for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In April 2021, the plaintiff commenced this action against the defendant Rosario Rivera (hereinafter the defendant), among others, inter alia, to foreclose a mortgage securing certain real property located in White Plains. The defendant asserted a counterclaim, in effect, pursuant to RPAPL 1501(4) to discharge of record the mortgage. In March 2009, the plaintiff had previously commenced an action against the defendant, among others, to foreclose the same mortgage (hereinafter the 2009 action). The plaintiff voluntarily discontinued the 2009 action by stipulation dated September 1, 2011.
The plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, affirmative defenses, and counterclaim, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the action was barred by the statute of limitations. The plaintiff opposed the cross-motion. In an order dated March 26, 2024, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). "'[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (HSBC Bank USA, N.A. v Barrett, 241 AD3d 1534, 1535 [internal quotation marks omitted], quoting Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867). "'An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon [*2]a note and mortgage and seeks, in the complaint, payment of the full balance due'" (id. [internal quotation marks omitted], quoting Wells Fargo Bank, N.A. v Lefkowitz, 171 AD3d 843, 844).
Here, the defendant demonstrated, prima facie, that the subject mortgage debt was accelerated by the commencement of the 2009 action, in which the plaintiff elected to call due the entire amount secured by the mortgage. The defendant further demonstrated, prima facie, that since this action was commenced in April 2021, more than six years later, this action was time-barred (see CPLR 213[4]; HSBC Bank USA, N.A. v Barrett, 241 AD3d at 1534; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. Under the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the 2009 action, by stipulation that contained no mention of the plaintiff's revocation of its acceleration of the mortgage debt, did not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations (see CPLR 3217[e]; HSBC Bank USA, N.A. v Barrett, 241 AD3d at 1534; IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 950).
Additionally, the plaintiff's challenges to the retroactive application and constitutionality of FAPA under the United States Constitution are also without merit (see HSBC Bank USA, N.A. v Barrett, 241 AD3d at 1534; Deutsche Bank Natl. Trust Co. v Zak, 235 AD3d 839).
Accordingly, the Supreme Court properly granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against her and denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, affirmative defenses, and counterclaim, and for an order of reference.
CHAMBERS, J.P., DOWLING, WAN and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court