[668 NYS2d 169]

Saverio D. Ruffolo, Appellant, v Garbarini & Scher, P. C., et al., Respondents.

First Department, January 20, 1998

## APPEARANCES OF COUNSEL

*Arthur Drotzer* of counsel, White Plains *(Drotzer & Drotzer,* attorneys), for appellant.

*Nancy A. Breslow* of counsel, New York City *(Garbarini & Scher, P. C.,* attorneys), respondent *pro se,* and for others, respondents.

## OPINION OF THE COURT

SULLIVAN, J. P.

The question on this appeal is whether plaintiff's legal malpractice claim is rendered time barred by a recent amendment to CPLR 214 (6), which applies a three-year Statute of Limitations to such malpractice claims,[1] irrespective of the underlying legal theory. Prior to the effective date of the amendment, and at the time the action was commenced, the six-year Statute of Limitations for breach of contract claims (CPLR 213 [2]) governed legal malpractice actions where the action sought damages recoverable under a contract claim. (*See, Santulli v Englert, Reilly & McHugh,* 78 NY2d 700, 709; *see also, Greenwich v Markhoff,* 234 AD2d 112.)

Plaintiff commenced the action on March 29, 1996, prior to the effective date of the amendment (September 4, 1996) and more than three years, but fewer than six years, from the date the causes of action accrued. The complaint sets forth two causes of action. The first alleges defendants' negligence in their performance of legal services, and the second alleges defendants' breach of a contract to use their best efforts and skills in providing such services. In a decision dated September 18, 1996, the IAS Court granted defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint, concluding that the action, governed by the three-year Statute of Limitations for legal malpractice, was commenced more than two years after its expiration. We reverse.

At the outset, we reject defendants' claim that the contract cause of action is a sham, asserted only to take advantage of the six-year Statute of Limitations and thus to avoid dismissal on the ground of untimeliness. The complaint alleges defendants' malpractice in their representation of plaintiff in his dispute with Oppenheimer and Company and its employee broker over their handling of plaintiff's brokerage account. With respect to the breach of contract claim, plaintiff alleges that he

---

1. The limitations period of CPLR 214 (6) applies to any malpractice action other than medical, dental or podiatric malpractice.

entered into a contract with defendants wherein they would use their best efforts and skills and would otherwise work to provide legal services with regard to claims of plaintiff's "personal injuries",[2] and that defendants failed to exercise due care in the performance of these services in that they, *inter alia*, failed to appear for a required arbitration hearing, failed to conduct discovery in a thorough manner and failed to plead a sufficient factual basis for the underlying Federal court action that was ultimately dismissed. Since plaintiff alleges a contractual relationship out of which all of defendants' obligations arose (*Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 396), and defendants' failure to exercise due care in the performance of the contract (*see, Video Corp. v Flatto Assocs.*, 58 NY2d 1026; *see also, Santulli v Englert, Reilly & McHugh, supra,* 78 NY2d, at 705), the cause of action for breach of contract is sufficiently stated.

Prior to the 1996 amendment, CPLR 214 (6) provided that actions for nonmedical malpractice, including legal malpractice, were to be commenced within three years. The statute was silent as to whether the theory of recovery, i.e., contract or tort, affected the length of the limitations period. As a practical matter, however, CPLR 214 (6) had limited significance in malpractice actions. (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 214.17.) "Where the malpractice action is against a professional who does not provide medical treatment, the claim is based upon contract and nearly always seeks damages for injury to property. Accordingly, it had been held on several occasions that the six year limitations provision of CPLR 213 (2) governed such actions." (*Ibid.; see also, Sears, Roebuck & Co. v Enco Assocs., supra; Video Corp. v Flatto Assocs., supra.*) In *Santulli v Englert, Reilly & McHugh* (78 NY2d 700, 707, *supra),* the Court of Appeals applied the six-year limitations period to legal malpractice actions, holding that an " 'action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year

---

2. While the complaint refers to plaintiff's claims of "personal injuries," it is clear from a reading of the entire complaint that the underlying claim is not one for personal injuries but for damage to plaintiff's property or pecuniary interests. (*See, Santulli v Englert, Reilly & McHugh, supra,* 78 NY2d, at 707.) In any event, even where an attorney's malpractice resulted in the loss of a personal injury claim, the attorney's negligence harmed plaintiff's pecuniary interests. (Alexander, 1992 Supp Practice Commentary, CPLR C214:6, 1997-1998 Pocket Part; *see also, Campagnola v Mulholland, Minion & Roe,* 76 NY2d 38, 42.)

contract Statute of Limitations (CPLR 213, subd 2)' " (quoting *Video Corp. v Flatto Assocs., supra*, at 1028). These precedents were effectively overruled when the Legislature amended CPLR 214 (6) to provide for a three-year Statute of Limitations in "an action to recover damages for [nonmedical] malpractice * * * regardless of whether the underlying theory is based in contract or tort." (L 1996, ch 623, § 1, eff Sept. 4, 1996.)

Relying on the legislative history of the 1996 amendment (*see, e.g,* Mem of Sen. Volker, Limitation of Malpractice Damage Actions, 1996 NY Legis Ann, at 440; Mem of Off of Ct Admin, Limitation of Malpractice Damages Actions, 1996 McKinney's Session Laws of NY, at 2691), defendants urge that the amendment should be applied retroactively and that this action is therefore time barred. They argue that the amendment does not shorten a limitations period or create a new statutory period, but merely constitutes a legislative clarification that the statutory period in nonmedical malpractice actions "is and always was" three years. According to defendants, since the malpractice claim accrued, at the latest, on February 5, 1991, this action was commenced more than two years after the statutory period expired and, thus, is untimely.

While Senator Volker's memorandum in support of the 1996 amendment states that the expansion of the statute to six years "abrogat[es] and circumvent[s] the original legislative intent," *(op. cit.)* the legislative history accompanying the original passage of CPLR 214 (6) suggests otherwise: "When CPLR 214 (subd 6) was being drafted, it had been suggested that the limitations on malpractice actions should be extended to include contract claims (e.g., NY Legis Doc, 1961, No. 15; Advisory Committee on Practice and Procedure, Fifth Preliminary Report, § 214, subd 6, par 55; NY Legis Doc, 1962, No. 8; Advisory Committee on Practice and Procedure, Sixth Preliminary Report, p 93). Express wording to this effect was never enacted, however. The recommendation of the Law Revision Commission that the statute be explicitly worded to refer to 'an action to recover damages for malpractice, *whether based on tort, contract or any other theory*' (emphasis added) was never adopted by the Legislature (1962 Report of NY Law Rev Comm, pp 232, 233). Nor was any such specificity added when the statute was amended in 1975 to make separate provision for a two-years and six-months Statute of Limitations for medical malpractice [citations omitted]." (*Sears, Roebuck & Co. v Enco Assocs.*, 43 NY2d 389, 395, n 1, *supra; see also, Durkin v Shea*, 957 F Supp 1360, 1372.)

Even if, in enacting CPLR 214 (6), it was the Legislature's original intent to require all nonmedical malpractice actions, whether based on contract or tort, to be commenced within three years, the Court of Appeals, by repeatedly interpreting that statute so as not to apply to malpractice actions based on breach of contract, fixed its meaning "as definitely as if it had been so amended by the legislature." (*Winters v New York*, 333 US 507, 514; *see also*, McKinney's Cons Laws of NY, Book 1, Statutes § 72 [a] [the decisions of the Court of Appeals are as much a part of the statute "as if incorporated into the language of the act itself"].) Thus, at least from the date on which *Santulli* was decided and until the effective date of the amendment to CPLR 214 (6), the time for commencing an action for legal malpractice alleging breach of contract and seeking damages recoverable under a contract claim was six years, and any such action commenced within that period would not be untimely.

In any event, application of the amendment to CPLR 214 (6) so as to render this action, timely when commenced, time barred by virtue of retroactive application of the amendment is impermissible. The overwhelming weight of authority is in accord with this view. (*See, Romeo v Schmidt* [appeal No. 1], — AD2d —, 1997 NY Slip Op 09766 [4th Dept, Nov. 19, 1997]; *White of Lake George v Bell*, 173 Misc 2d 423; *Garcia v Director*, NYLJ, Jan. 17, 1997, at 26, col 2 [Sup Ct, NY County]; *Kent v Brofman*, 1997 US Dist LEXIS 7606 [SD NY, May 29, 1997, Parker, J.]; *Federal Deposit Ins. Corp. v Shea & Gould*, 1997 US Dist LEXIS 10263 [SD NY, July 17, 1997, Keenan, J.]; *Federal Deposit Ins. Corp. v Pelletreau & Pelletreau*, 965 F Supp 381, 386; *Durkin v Shea*, 958 F Supp 1360, *supra; Estate of Re v Kornstein Veisz & Wexler*, 958 F Supp 907, 916-920; *but see, Russo v Waller*, 171 Misc 2d 707 [Sup Ct, Nassau County].) While the Legislature provided that the amendment "shall take effect immediately" (L 1996, ch 623, § 2), it cannot be applied to require dismissal of an action that was viable at the time it was filed. Such a result would impair vested rights (*Frontier Ins. Co. v State of New York*, 160 Misc 2d 437, *affd* 197 AD2d 177; *Charbonneau v State of New York*, 148 Misc 2d 891, 895, *affd* 178 AD2d 815, *affd* 81 NY2d 721) and violate due process (*see, Alston v Transport Workers Union*, 225 AD2d 424, 425; *see also, Estate of Re v Kornstein Veisz & Wexler, supra*, 958 F Supp, at 918-919, citing *Gilbert v Ackerman*, 159 NY 118).

Accordingly, the order of the Supreme Court, New York County (Norman Ryp, J.), entered September 20, 1996, which

granted defendants' motion to dismiss the complaint as time barred, should be reversed, on the law, without costs or disbursements, the motion denied, and the complaint reinstated.

ROSENBERGER, NARDELLI and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered September 20, 1996, reversed, on the law, without costs or disbursements, the motion to dismiss the complaint denied, and the complaint reinstated.