FV-1, Inc. v Palaguachi (2021 NY Slip Op 00838)





FV-1, Inc. v Palaguachi


2021 NY Slip Op 00838


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05662
 (Index No. 710424/17)

[*1]FV-1, Inc., etc., respondent,
v
Luis E. Palaguachi, et al., defendants, Gustavia Home, LLC, appellant.


Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for appellant.
Greenspoon Marder LLP, New York, NY (Wendy Michael, Raspreet Bhatia, Matthew Rapkowski, and The Frank Law Firm, P.C. [Thomas J. Frank], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Gustavia Home, LLC, appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 25, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court (Ernest F. Hart, J.), entered July 17, 2018, and, upon renewal, to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order entered April 25, 2019, is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant Gustavia Home, LLC, which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is granted, and, upon renewal, the determination in the order entered July 17, 2018, denying that branch of the prior motion is vacated, and thereupon that branch of that defendant's prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred is granted.
In June 2007, Luis E. Palaguachi, Rosa E. Palaguachi, and Nube Laporte (hereinafter collectively the borrowers) executed a note in favor of First National Bank of Arizona (hereinafter First National) in the sum of $608,000. The note was secured by a mortgage encumbering certain real property located in Hollis.
After several assignments of the note, in November 2010, JP Morgan Acquisition Corp. (hereinafter JP Morgan) commenced an action to foreclose the mortgage. On July 6, 2012, JP Morgan filed an affirmation of discontinuance of action and an attorney affirmation of cancellation of notice of pendency (hereinafter together the affirmations of discontinuance and cancellation).
Thereafter, in July 2017, the present assignee of the note and mortgage, the plaintiff, FV-1, Inc. (hereinafter FV-1), commenced this action to foreclose the mortgage against, among [*2]others, the borrowers and the defendant Gustavia Home, LLC (hereinafter Gustavia). In lieu of answering the complaint, Gustavia moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. FV-1 opposed the motion, arguing that the affirmations of discontinuance and cancellation constituted an affirmative revocation of its acceleration of the debt. By order entered July 17, 2018, the Supreme Court denied Gustavia's motion.
Thereafter, Gustavia moved pursuant to CPLR 2221(e) for leave to renew its prior motion based upon this Court's holding in Freedom Mortgage Corp. v Engel (163 AD3d 631, lv granted in part 33 NY3d 1039). FV-1 opposed the renewal motion. By order entered April 25, 2019, the Supreme Court denied Gustavia's motion for leave to renew. Gustavia appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Here, as a basis for renewal, Gustavia cited this Court's decision in Freedom Mortgage Corp. v Engel. The parties did not dispute that Engel represented a "change in the law," and, in deciding Gustavia's renewal motion, the Supreme Court considered the standard set forth in Engel. The court concluded that the application of this standard did not warrant a change of the court's prior determination denying that branch of Gustavia's prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred. This conclusion was erroneous.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982).
"A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]; see EMC Mtge. Corp. v Patella, 279 AD2d at 606). As this Court held in Engel, a lender's mere act of discontinuing an action, without more, does not constitute, in and of itself, an affirmative act revoking an earlier acceleration of the debt (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; see also Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629). Rather, in order to be effective as a notice of revocation, the notice must contain an indication that the lender would accept installment payments from the homeowner in satisfaction of his or her prospective monthly payment obligations (see Freedom Mtge. Corp. v Engel, 163 AD3d at 633; see also Christiana Trust v Barua, 184 AD3d 140; Milone v US Bank N.A., 164 AD3d 145, 153-154).
Here, Gustavia established that the six-year statute of limitations began to run on the entire debt in November 2010, when JP Morgan commenced the prior action to foreclose the subject mortgage. Accordingly, the statute of limitations expired in November 2016, and the instant action, commenced in July 2017, was untimely. Contrary to the Supreme Court's determination, the affirmations of discontinuance and cancellation did not constitute an affirmative act of revocation, since they are silent on the issue of the election to accelerate, and did not otherwise indicate that JP Morgan would accept installment payments from the borrowers (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629; Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
FV-1's remaining contention is without merit.
Accordingly, leave to renew should have been granted, and, upon renewal, that branch [*3]of Gustavia's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it as time-barred should have been granted.
MASTRO, A.P.J., AUSTIN and CONNOLLY, JJ., concur.
MILLER, J., dissents, and votes to affirm the order entered April 25, 2019, insofar as appealed from, with the following memorandum:
For the reasons stated in my dissenting opinion in Wells Fargo Bank, N.A. v Islam (188 AD3d 1116), and my opinion, concurring in part and dissenting in part, in Christiana Trust v Barua (184 AD3d 140, 153-170), I must vote to affirm (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068; cf. Freedom Mtge. Corp. v Engel, 163 AD3d 631, lv granted in part 33 NY3d 1039). Accordingly, I respectfully dissent.
ENTER:
Aprilanne Agostino
Clerk of the Court