FV-1, Inc. v Palaguachi (2021 NY Slip Op 04010)





FV-1, Inc. v Palaguachi


2021 NY Slip Op 04010


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-05662
 (Index No. 710424/17)

[*1]FV-1, Inc., etc., respondent, 
v
Luis E. Palaguachi, et al., defendants, Gustavia Home, LLC, appellant. 


Greenspoon Marder LLP, New York, NY (Wendy Michael, Raspreet Bhatia, Matthew Rapkowski, and The Frank Law Firm, P.C. [Thomas J. Frank], of counsel), for respondent.
Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for appellant.



DECISION & ORDER
Motion by the respondent for leave to reargue and/or renew an appeal from an order of the Supreme Court, Queens County, entered April 25, 2019, which was determined by decision and order of this Court dated February 10, 2021, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the branches of the motion which are for leave to reargue and leave to appeal to the Court of Appeals are denied; and it is further,
ORDERED that the branch of the motion which is for leave to renew is granted, and, upon renewal, the decision and order of this Court dated February 10, 2021 (FV-1, Inc. v Palaguachi, 191 AD3d 767), is recalled and vacated, and the following decision and order is substituted therefor:
In an action to foreclose a mortgage, the defendant Gustavia Home, LLC, appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered April 25, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was for leave to renew its prior motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, which had been denied in an order of the same court (Ernest F. Hart, J.), entered July 17, 2018, and, upon renewal, to dismiss the complaint insofar as asserted against it as time-barred.
ORDERED that the order entered April 25, 2019, is affirmed insofar as appealed from, with costs.
In June 2007, Luis E. Palaguachi, Rosa E. Palaguachi, and Nube Laporte (hereinafter collectively the borrowers) executed a note in favor of First National Bank of Arizona (hereinafter First National) in the sum of $608,000. The note was secured by a mortgage encumbering certain [*2]real property located in Hollis.
After several assignments of the note, in November 2010, JP Morgan Acquisition Corp. (hereinafter JP Morgan) commenced an action to foreclose the mortgage (hereinafter the 2010 action) . On July 6, 2012, JP Morgan filed an affirmation of discontinuance of action and an attorney affirmation of cancellation of notice of pendency (hereinafter together the affirmations of discontinuance and cancellation).
Thereafter, in July 2017, the present assignee of the note and mortgage, the plaintiff, FV-1, Inc. (hereinafter FV-1), commenced this action to foreclose the mortgage against, among others, the borrowers and the defendant Gustavia Home, LLC (hereinafter Gustavia). In lieu of answering the complaint, Gustavia moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. FV-1 opposed the motion, arguing that the affirmations of discontinuance and cancellation constituted an affirmative revocation of its acceleration of the debt. By order entered July 17, 2018, the Supreme Court denied Gustavia's motion.
Thereafter, Gustavia moved pursuant to CPLR 2221(e) for leave to renew its prior motion, and FV-1 opposed the renewal motion. By order entered April 25, 2019, the Supreme Court denied Gustavia's motion for leave to renew, finding that Gustavia had failed to submit new facts or change in the law that would have changed the prior determination. Gustavia appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982).
"[W]here the maturity of the debt has been validly accelerated by the commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action revokes the election to accelerate, absent the noteholder's contemporaneous statement to the contrary" (Freedom Mtge. Corp. v Engel, ___ NY3d ___, ___, 2021 NY Slip Op 01090, *2).
Here, Gustavia established that the mortgage debt was accelerated when JP Morgan commenced the 2010 action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v Baquero, 192 AD3d 660). However, Gustavia's motion papers also included the affirmations of discontinuance and cancellation. Gustavia's evidence that the debt was accelerated by the 2010 action, which was later discontinued voluntarily, failed to demonstrate, prima facie, that an action to foreclose the subject mortgage was time-barred (see Freedom Mtge. Corp. v Engel, ___ NY3d at ___, 2021 NY Slip Op 01090, *2).
FV-1's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied that branch of Gustavia's motion which was for leave to renew, and, upon renewal, to dismiss the complaint insofar as asserted against it as time-barred.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court