U.S. Bank N.A. v Lynch (2024 NY Slip Op 05261)

U.S. Bank N.A. v Lynch

2024 NY Slip Op 05261

Decided on October 24, 2024

Appellate Division, Third Department

Clark, J.P.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-1194

[*1]U.S. Bank National Association, as Trustee, Respondent,
v
Dawn Lynch, Appellant, et al., Defendants.

Calendar Date:September 5, 2024

Before: Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Waite & Associates, PC, Slingerlands (Stephen J. Waite of counsel), for appellant.
Hinshaw & Culbertson LLP, New York City (Schuyler B. Kraus of counsel), for respondent.
Letitia James, Attorney General, New York City (Mark S. Grube of counsel), in her statutory capacity under Executive Law § 71.

Clark, J.P.
Appeal from an order of the Supreme Court (Laura M. Jordan, J.), entered May 23, 2023 in Rensselaer County, which granted plaintiff's motion to restore the case to the trial calendar.
In 2006, defendant Dawn Lynch (hereinafter defendant) executed a note secured by a mortgage on real property located in the City of Rensselaer, Rensselaer County. In 2008, plaintiff commenced the instant action, alleging that defendant defaulted on the loan and seeking to foreclose on the mortgage (hereinafter the 2008 action). Plaintiff's motion for summary judgment was granted in 2011, but after plaintiff failed to file the order granting said motion or to take any other substantive action, the 2008 action was "marked off" as inactive in 2012.
Plaintiff commenced a second foreclosure action against defendant in 2015, again alleging that defendant had defaulted on the loan and seeking to foreclose on the same mortgage (hereinafter the 2015 action). Defendant failed to answer and, based upon such default, Supreme Court (Zwack, J.) granted plaintiff's motion for a judgment of foreclosure and sale in 2017. Then, in September 2019, before said judgment was enforced, defendant moved to vacate the judgment. The court granted her motion, finding that defendant established a reasonable excuse for her default and a potentially meritorious defense.[FN1] Thereafter, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint as barred by the statute of limitations. Supreme Court found that plaintiff had accelerated the entire mortgage debt when it commenced the 2008 action and failed to de-accelerate it before the expiration of the six-year statute of limitations. As such, the court granted defendant's cross-motion and dismissed the complaint as time-barred.[FN2]
In December 2022, plaintiff moved to restore the 2008 action to the calendar, which relief defendant opposed. Supreme Court (Jordan, J.) granted the motion and restored the 2008 action to the calendar. In doing so, the court rejected, among other things, defendant's assertion that the Foreclosure Abuse Prevention Act (L 2022, ch 821 [hereinafter FAPA]) required dismissal of the 2008 action as time-barred. Defendant appeals.[FN3]
On appeal, defendant argues that Supreme Court erred in failing to apply FAPA to the 2008 action, while plaintiff urges that such retroactive application of FAPA would violate its due process rights under the NY and US Constitutions. Pursuant to FAPA, where "an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations" (RPAPL 1301 [4]). While legislative amendments are generally "presumed to have prospective application . . . , remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose[*2]" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [2001] [internal citation omitted]; see Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020]). However, "[c]lassifying a statute as 'remedial' does not automatically overcome the strong presumption of prospectivity" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]; see McKinney's Cons Laws of NY, Book 1, Statutes § 321; accord Matter of Elhannon Wholesale Nursery, Inc. [Commissioner of Labor], 225 AD3d 948, 950 [3d Dept 2024]). Rather, in determining whether a legislative amendment should be given retroactive effect, courts must consider "whether the Legislature has made a specific pronouncement about retroactive effect or conveyed a sense of urgency; whether the statute was designed to rewrite an unintended judicial interpretation; and whether the enactment itself reaffirms a legislative judgment about what the law in question should be" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122; accord Matter of Elhannon Wholesale Nursery, Inc. [Commissioner of Labor], 225 AD3d at 950; see Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44 [1st Dept 2023]).
In response to the Court of Appeals' decision in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), the Legislature began work on remedial legislation to address the problems associated with multiple actions in foreclosure cases. In drafting FAPA, the Senate and Assembly sponsors both expressed an urgent need to correct judicial interpretation with unintended consequences which allowed noteholders to unilaterally "manipulate statutes of limitations to their advantage" and to the detriment of homeowners (Assembly Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 8; accord Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 98). The Legislature enacted FAPA to clarify existing law to ensure that statutes of limitations provide finality. In exercising its legislative judgment, the Legislature set forth the process available to noteholders to foreclose a mortgage, including the manner in which the statute of limitations may be tolled or restarted, while also ensuring that homeowners are not overburdened by having to defend multiple actions ad infinitum (see NY Assembly Debate on Assembly Bill A7737B, Mar. 23, 2022 at 9; Senate Introducer's Mem in Support, Bill Jacket, L 2022, ch 821 at 100). Further, the Legislature clearly set forth that FAPA "shall take effect immediately and shall apply to all actions commenced on an instrument described under [CPLR 213 (4)] in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10). For the foregoing reasons, we find that FAPA should be applied retroactively to effect its beneficial purpose (see Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122-123; Genovese v Nationstar Mtge. LLC, 223 AD3d at 44-45; compare Matter of Elhannon Wholesale Nursery, Inc. [Commissioner of [*3]Labor], 225 AD3d at 950).
Next, we turn to plaintiff's contention that a retroactive application of FAPA would violate its due process right to recover on the mortgage debt.[FN4] "To comport with the requirements of due process, retroactive application of a newly enacted provision must be supported by a legitimate legislative purpose furthered by rational means" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d at 375 [internal quotation marks and citations omitted]; see Brightonian Nursing Home v Daines, 21 NY3d 570, 576-577 [2013]; Amerisourcebergen Drug Corp. v New York State Dept. of Health, 227 AD3d 1286, 1292 [3d Dept 2024]). This standard is not exacting, and the challenged legislation will survive "so long as it is rationally related to any conceivable legitimate State purpose" (American Economy Ins. Co. v State of New York, 30 NY3d 136, 158 [2017] [internal quotation marks and citations omitted], cert denied 584 US 1013 [2018]). Here, the Legislature rejected case law that would allow noteholders to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners (see generally Freedom Mtge. Corp. v Engel, 37 NY3d 1 [2021]; CitiMortgage, Inc. v Ramirez, 192 AD3d 70 [3d Dept 2020]), and it acted to overrule such case law. To prevent unintended results, the Legislature enacted FAPA to clarify the judicial process through which noteholders could recover on a mortgage debt, while also protecting homeowners from having to defend multiple foreclosure actions for lengths of time that far exceed the applicable statutes of limitations. As such clarifications are rationally related to the legitimate legislative purpose of providing a mechanism for parties to resolve their disputes with finality (see generally ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 593 [2015]; John J. Kassner & Co. v City of New York, 46 NY2d 544, 550 [1979]), we find that retroactive application of FAPA to foreclosure actions where a final judgment has not been enforced does not violate plaintiff's due process rights (see American Economy Ins. Co. v State of New York, 30 NY3d 136, 157-159 [2017]; Matter of Gleason [Michael Vee, Ltd.], 96 NY2d at 122-123; Amerisourcebergen Drug Corp. v New York State Dept. of Health, 227 AD3d at 1292-1293).
Turning to the application of FAPA herein, "the six-year statute of limitations [applicable to a foreclosure action] begins to run when a mortgage debt has been accelerated by the commencement of an action seeking the entire sum due" (HSBC Bank, USA, N.A. v Bresler, 212 AD3d 1, 3 [3d Dept 2022]; see CPLR 213 [4]; Deutsche Bank Natl. Trust Co. v Deluca, 225 AD3d 91, 94-95 [3d Dept 2024]). In dismissing the 2015 action, Supreme Court (Zwack, J.) correctly found that plaintiff accelerated the entire mortgage debt by commencing the 2008 action, that it did not thereafter de-accelerate the debt and [*4]that the statute of limitations expired before plaintiff commenced the 2015 action. As the 2008 action and the 2015 action both sought "to foreclose . . . the same mortgage debt," such adjudication also renders the 2008 action "barred by the statute of limitations" (RPAPL 1301 [4]; see L 2022, ch 821, § 10; U.S. Bank N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023], lv denied 42 NY3d 903 [2024]). Consequently, Supreme Court (Jordan, J.) should have denied plaintiff's motion to restore the 2008 action to the calendar.
The parties' remaining contentions have been considered and are rendered academic.
Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.

Footnotes

Footnote 1: Specifically, Supreme Court found that defendant established a reasonable excuse for her default because plaintiff failed to provide defendant or her counsel any notice that it intended to discontinue the 2008 action and because, despite knowing that defendant was represented in the 2008 action, it failed to serve defense counsel with any papers pertaining to the 2015 action. Although plaintiff did serve defendant with documents in the 2015 action, the court credited defendant's explanation that she believed such documents to be part of the 2008 action and did not forward them to her counsel, as she believed that defense counsel was also served. The court also found that defendant's contention that the 2015 action was time-barred established a potentially meritorious defense.
Footnote 2: Plaintiff failed to perfect its appeal from the order dismissing the 2015 action.

Footnote 3: The Attorney General has intervened to defend FAPA's constitutionality (see Executive Law § 71 [1]).

Footnote 4: Plaintiff's assertions that FAPA is a taking in violation of the US and NY Constitutions and that it violates the Contract Clause of the US Constitution are both unpreserved, as plaintiff raises them for the first time on appeal (see Johnston v Johnston, 156 AD3d 1181, 1182 [3d Dept 2017], appeal dismissed 31 NY3d 1126 [2018], lv denied 32 NY3d 1053 [2018]; Matter of Malave v Bedard, 153 AD3d 1536, 1537 [3d Dept 2017]).