Bayview Loan Servicing, LLC v Dalal (2024 NY Slip Op 05767)

Bayview Loan Servicing, LLC v Dalal

2024 NY Slip Op 05767

Decided on November 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 19, 2024

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Rodriguez, Rosado, JJ.

Index No. 32090/16 Appeal No. 3057-3058 Case No. 2024-01101, 2024-01491 

[*1]Bayview Loan Servicing, LLC, Plaintiff-Appellant,
v
Dany Dalal et al., Defendants, Link Point Realty, Inc., Defendant-Respondent.

McCalla Raymer Leibert Pierce, LLC, New York (Harold L. Kofman of counsel), for appellant.
Warner & Scheuerman, New York (Jonathon D. Warner of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about September 11, 2023, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about August 28, 2023, which granted the motion of defendant Link Point Realty, Inc. (Link Point) to renew, and, upon renewal, granted Link Point's cross-motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
On January 6, 2009, plaintiff's predecessor, Chase Home Finance, LLC, brought an action against defendant Dany Dalal, the former owner of a parcel of property in the Bronx, to foreclose on a mortgage securing a note in the principal amount of $472,500. The complaint stated that "plaintiff has elected to accelerate the mortgage balance and declare the same to be immediately due and payable."
On October 30, 2014, after plaintiff acquired the note and defendant Link Point acquired the property, plaintiff mailed a letter stating: "Please be advised to the extent any previous acceleration may at this time be applicable, we hereby de-accelerate the loan, withdrawing any prior demand for immediate payment of all sums secured by the security instrument and reinstitute the loan as an installment loan."
On April 17, 2015, upon plaintiff's motion, the court discontinued the 2009 action. Plaintiff commenced this action on or about January 25, 2016 seeking to foreclose upon the same loan.
On February 14, 2017, the motion court denied Link Point's cross-motion for summary judgment dismissing the complaint based on the expiration of the statute of limitations, finding that, although the complaint was filed more than six years after the loan was accelerated on January 6, 2009, plaintiff's October 30, 2014 letter raised questions of fact as to whether plaintiff de-accelerated the loan.
In or around 2019, Link Point moved to renew its cross-motion for summary judgment based on a change in the law. This Court held that the motion court properly denied that motion (see Bayview Loan Servicing, LLC v Dalal, 184 AD3d 547 [1st Dept 2020]).
On December 30, 2022, Governor Hochul signed the Foreclosure Abuse Prevention Act (FAPA) into law. Section 4 of FAPA amended CPLR 203 by adding subdivision (h), which reads: "Once a cause of action upon an instrument described in [CPLR 213[4] regarding mortgages] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute" (CPLR 203[h]; see L 2022, ch 821 § 4). Section 10 of FAPA provides: "[t]his act shall take effect immediately and shall apply to all actions commenced on an instrument described under subdivision [*2]four of section two hundred thirteen of the civil practice law and rules in which a final judgment of foreclosure and sale has not been enforced."
Link Point again moved to renew its cross-motion for summary judgment, this time based on FAPA. The motion court granted the cross-motion and dismissed the complaint, finding, based on CPLR 203(h), that the 2014 de-acceleration letter could not unilaterally reset the statute of limitations, which began to accrue in January 2009. Plaintiff argues that CPLR 203(h) does not apply retroactively and that, even if it does, the statute violates due process, the contract clause of the New York and United States Constitutions, and the United States Constitution's Takings Clause.
Contrary to plaintiff's contention, FAPA applies retroactively. As this Court noted in Genovese v Nationstar Mtge. LLC (223 AD3d 37 [1st Dept 2023]), FAPA Section 10 states that the act took "effect immediately" and applied to all foreclosure actions "in which a final judgment of foreclosure and sale has not been enforced" (id. at 44 [internal quotation marks omitted]). The Court noted that, while the Legislature did not explicitly state that FAPA should apply retroactively, "it clearly indicated that it should" because Section 10's direction to apply the act to all foreclosure actions "in which a final judgment of foreclosure and sale has not been enforced" would "necessarily" give FAPA retroactive effect (id.). Further, this Court found the legislative history made clear that FAPA was "remedial in nature"; that the "take-effect-immediately" language and other statements in the legislative memoranda "evince[d] a sense of urgency"; and that FAPA "was designed, in part, to rewrite unintended judicial interpretations, and to reaffirm legislative judgment about what certain laws relating to the application of the statute of limitations to mortgage foreclosure actions should be" (Genovese at 45). As to CPLR 203(h) specifically, appellate courts, have applied FAPA to bar an action based on CPLR 203(h) where lenders sent a de-acceleration notice well before FAPA was enacted (see Kandinov v Deutsche Bank Natl. Trust Co., 227 AD3d 685, 687 [2d Dept 2024]).
CPLR 203(h) does not violate due process. In enacting FAPA, the Legislature found "an ongoing problem with abuses of the judicial foreclosure process. . . exacerbated by recent court decisions which. . . have given mortgage lenders and loan servicers opportunities to. . . manipulate statutes of limitation to their advantage" (Senate Mem in Support of 2022 Senate Bill S5473D, L 2022, ch 821 at 1). It stated that the bill amended statutes and rules "to clarify the existing law," and that the bill's "remedial aim" was to "thwart. . . abusive and unlawful litigation tactics" plaintiffs employed (id.). CPLR 203(h) furthers this purpose in providing that, once a cause of action on a note and mortgage has accrued, "no party may, in form or effect. . .revive[] or reset the accrual thereof" to effect [*3]an extension of the limitation period (CPLR 203[h]). Thus, retroactive application of CPLR 203(h) serves "a legitimate legislative purpose furthered by rational means" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375 [2020] [internal quotation marks omitted]). In addition, although plaintiff asserts that it has a contractual or property right to de-accelerate a loan, plaintiff has not identified a contract provision giving it this right. Accordingly, retroactive application of CPLR 203(h) does not significantly "affect contractual or property rights" so as to raise "heightened" concerns (Matter of Regina at 382 [internal quotation marks omitted]).
Plaintiff also points to no contract provision in its loan documents that CPLR 203(h) purportedly impairs such that the statute violates the contracts clauses of the New York and United States Constitutions (see General Motors Corp. v Romein, 503 US 181, 186 [1992]; 19th St. Assoc. v State of New York, 79 NY2d 434, 443 [1992]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2024