Wilmington Trust, N.A. v Farkas (2024 NY Slip Op 05841)

Wilmington Trust, N.A. v Farkas

2024 NY Slip Op 05841

Decided on November 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2024

Before: Webber, J.P., Singh, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 850131/22 Appeal No. 3079 Case No. 2023-06026 

[*1]Wilmington Trust, National Association etc., Plaintiff-Appellant,
v
Judy Farkas, Defendant-Respondent, Board of Managers of Maison East Condominium, et al., Defendants.

Davidson Fink LLP, Rochester (Richard N. Franco of counsel), for appellant.
Ainsworth Gorkin PLLC, Brooklyn (Yehuda C. Morgenstern of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered October 27, 2023, which granted defendant Judy Farkas's CPLR 3211(a)(5) motion to dismiss the complaint, unanimously affirmed, with costs.
The court properly found that plaintiff's foreclosure action was time-barred. Plaintiff's predecessor-in-interest, Citibank, N.A., commenced a foreclosure action on March 31, 2008. Paragraph 5 of the complaint stated that Citibank "elects to call due the entire amount secured by the mortgage." This action, which seeks to foreclose on the same mortgage, was brought on June 30, 2022, well beyond the six-year limitation period (CPLR 213[4]).
The loan was not de-accelerated by Citibank's voluntary discontinuance in 2013 of the 2008 action. CPLR 3217(e), enacted on December 30, 2022, as part of the Foreclosure Abuse Prevention Act ([FAPA], L 2022, ch 821, § 8), provides that the voluntary discontinuance of such an action "shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action."
Similarly, the December 19, 2014 letter purporting to de-accelerate the loan did not do so. Section 203(h) of the CPLR, also added as part of FAPA (L 2022, ch 821, § 4), provides that, once a cause of action upon a note and mortgage has accrued, "no party may, in form or effect, unilaterally . . . reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action." Furthermore, given that discontinuing the suit did not reset the limitations period, that period had already expired by December 2014. Even before FAPA, this expiration would have foreclosed plaintiff from revoking acceleration of the loan (see Federal Natl. Mtge. Assn. v Rosenberg, 180 AD3d 401, 402 [1st Dept 2020]).
Plaintiff argues that its suit was timely despite FAPA, because defendant reaffirmed her debt in the October 26, 2009 "Statement of Intention" that she filed in conjunction with a bankruptcy petition. Defendant, however, merely checked off a box indicating that if retaining the property she intended to reaffirm the debt. A statement of future intention is not the "express promise to pay the mortgage debt" required to toll or revive the limitations period in a foreclosure action (Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., 38 NY3d 467, 473 [2022] [internal quotation marks omitted]; see General Obligations Law § 17-105[1]). Therefore, even if FAPA should be applied retroactively, and can be so applied without violating the Constitutions of New York and the United States, plaintiff's suit was still properly dismissed as time-barred.
Plaintiff's argument that FAPA should not be applied retroactively is contrary to the decisions of both this Department andthe Third Department (see Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44-45 [1st Dept 2023]; U.S. Bank N.A. v Lynch, — AD3d &mdash, 2024 NY Slip Op 05261, *1-2[*2][3d Dept 2024]). FAPA expressly applies to pending suits "in which a final judgment of foreclosure and sale has not been enforced" (FAPA, L 2022, ch 821, § 10; see US Bank N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023], lv denied 42 NY3d 903 [2024]). The Senate Sponsor memo stated that FAPA was designed to "clarify the meaning of existing statutes" and to "overrule the Court of Appeals' recent decision" in Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]). The Legislature responded by "restor[ing] longstanding law . . . that a lenders' discontinuance of a foreclosure action . . . does not serve to reset the statute of limitations" (2021 NY Assembly Bill A7737). It further justified FAPA by stating that lenders' ability to manipulate the limitations period was "to the clear detriment of New York homeowners," and that "[n]o other civil plaintiff in this state is extended such unilateral and unfettered powers" to restart the limitation period (Senate Mem in Support of 2022 NY Senate Bill S5473D). Thus, retroactive application of FAPA is "supported by "a legitimate legislative purpose furthered by rational means" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375 [2020] [internal quotation marks omitted]). These facts, together with the Legislature's statement that FAPA was "remedial" and meant to "clarify" existing law, warrant FAPA's application to pending actions.
Retroactive application of FAPA also comports with due process (see US Bank, 2024 NY Slip Op 05261, *3). FAPA was "remedial legislation" designed to "overrule" Engel, to undo lenders' unique ability "to unilaterally manipulate, arrest, stop, and restart the limitations period prescribed [by] CPLR 213(4)," and to "restore longstanding law . . . that a lenders' discontinuance of a foreclosure action . . . does not serve to reset the statute of limitations" (Senate Mem in Support of 2022 NY Senate Bill S5473D; 2021 NY Assembly Bill A7737). These justifications for FAPA's retroactive application also constitute a "rational legislative purpose" that allow FAPA to "meet the test of due process" (Pension Benefit Guar. Corp. v R.A. Gray & Co., 467 US 717, 730 [1984]). Plaintiff's reliance on those decisions holding it a violation of due process to retroactively shorten a statute of limitations so as to render a case untimely is misplaced (see e.g. Ruffolo v Garbarini & Scher, 239 AD2d 8 [1st Dept 1998]). Here,plaintiff's statute of limitations had already expired prior to the enactment of FAPA. Moreover, at the time plaintiff allowed the statute of limitations to lapse in March 2014, neither statute nor clear case law gave plaintiff a right to reset the limitations period by discontinuing its first suit (see Engel, 37 NY3d at 28-30; compare Ruffolo, 239 AD2d at 10-12 [emphasizing that, but for retroactive application of statute, suit would be timely under well-established Court of Appeals case law]). Therefore, applying FAPA to this suit would not [*3]"impair vested rights" (Ruffolo, 239 AD2d at 12).
Plaintiff's separation of powers argument is also unavailing. It is not a violation of the separation of powers doctrine for this Court to apply a new law "in reviewing judgments still on appeal," such as this one (see Plaut v Spendthrift Farm, Inc., 514 US 211, 226 [1995]; see also Hernandez-Rodriguez v Pasquarell, 118 F3d 1034, 1042 [5th Cir1997]["unquestionably the judiciary must generally apply changes in the law to cases pending on appeal"]).
Finally, plaintiff identifies no contractual provision that entitles it either to de-accelerate the loan by discontinuing a foreclosure action or to reset the statute of limitations once it has already expired. Therefore, plaintiff has not established that FAPA abridges any of its contractual rights, let alone that such abridgment would violate the Contracts Clause of the Federal Constitution.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2024