FV-1, Inc. v Palaguachi (2025 NY Slip Op 00307)

FV-1, Inc. v Palaguachi

2025 NY Slip Op 00307

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-11218
 (Index No. 710424/17)

[*1]FV-1, Inc., etc., appellant, 
v
Luis E. Palaguachi, et al., defendants, Gustavia Home, LLC, respondent.

Greenspoon Marder LLP (McCarter & English, LLP, New York, NY [Adam M. Swanson and Timothy W. Salter], of counsel), for appellant.
Hasbani & Light, P.C., New York, NY (Rafi Hasbani of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered July 28, 2023. The order, insofar as appealed from, upon renewal, vacated a prior determination in an order of the same court entered March 9, 2022, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Gustavia Home, LLC, and for an order of reference, and thereupon denied those branches of the motion and, upon searching the record, awarded the defendant Gustavia Home, LLC, summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order entered July 28, 2023, is affirmed insofar as appealed from, with costs.
In November 2010, JP Morgan Mortgage Acquisition Corp. (hereinafter JP Morgan) commenced an action to foreclose a mortgage on certain real property located in Queens, electing in the complaint to call due the entire balance owing on the underlying note (hereinafter the 2010 action). On July 6, 2012, JP Morgan filed an affirmation of discontinuance of action and an attorney affirmation of cancellation of notice of pendency in connection with the 2010 action.
In July 2017, the plaintiff, as assignee of the note and mortgage, commenced this action against the defendant Gustavia Home, LLC (hereinafter Gustavia), among others, to foreclose the mortgage. Gustavia moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. The Supreme Court denied the motion. Gustavia moved, among other things, for leave to renew that branch of its prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it based upon this Court's holding in Freedom Mtge. Corp. v Engel (163 AD3d 631). The Supreme Court denied the motion. Gustavia appealed, and, in a decision and order dated February 10, 2021, this Court granted that branch of Gustavia's motion which was for leave to renew and, upon renewal, granted that branch of Gustavia's prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred (see FV-1, Inc. v Palaguachi, 191 AD3d 767). This Court determined that JP Morgan's discontinuance of the 2010 foreclosure action and cancellation of the notice of pendency therein did not constitute an affirmative act sufficient to revoke its prior [*2]acceleration of the mortgage debt (see id.).
Subsequently, the Court of Appeals reversed this Court's determination in Freedom Mtge. Corp. v Engel and held that, where the maturity of the debt had been validly accelerated by the commencement of a foreclosure action, the noteholder's voluntary withdrawal of that action was sufficient to revoke the prior election to accelerate the debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19). The plaintiff then moved for leave to reargue or renew the prior appeal to this Court. In a decision and order dated June 23, 2021, this Court granted leave to renew and, upon renewal, recalled and vacated the decision and order dated February 10, 2021, and substituted therefor a decision and order affirming the Supreme Court's denial of that branch of Gustavia's motion which was for leave to renew that branch of its prior motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred (see FV-1, Inc. v Palaguachi, 195 AD3d 900).
In the Supreme Court, the plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against Gustavia and for an order of reference. Gustavia opposed the motion. By order entered March 9, 2022, the court, among other things, granted those branches of the plaintiff's motion. The plaintiff subsequently moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Gustavia opposed the motion and cross-moved to reject the referee's report. By order and judgment of foreclosure and sale entered July 20, 2022, the court granted the plaintiff's motion, denied Gustavia's cross-motion, and directed the sale of the subject property.
In January 2023, Gustavia moved for leave to renew its opposition to the plaintiff's prior motions, contending that the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]; hereinafter FAPA) constituted a change in the law that would alter the prior determinations (see CPLR 2221[e][2]). The plaintiff opposed the motion, contending, among other things, that FAPA should not be given retroactive application and that doing so would violate, inter alia, the Due Process and Contract Clauses of the United States Constitution. In an order entered July 28, 2023, the Supreme Court granted leave to renew and, upon renewal, vacated the determination in the order entered March 9, 2022, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Gustavia and for an order of reference, and thereupon denied those branches of the plaintiff's motion and, upon searching the record, awarded Gustavia summary judgment dismissing the complaint insofar as asserted against it as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see id. § 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Pursuant to the terms of the subject note, the borrower was obligated to make monthly payments on the mortgage loan. In the event of a default, the note gave the noteholder the right to elect to call due the entire outstanding principal and all interest owing on that amount. When a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see US Bank Trust, N.A. v Reizes, 222 AD3d 907, 909; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867). However, once the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). Here, it is undisputed that JP Morgan elected to call due the entire balance of the mortgage debt in the complaint in the 2010 action and that the instant foreclosure action was commenced more than six years later.
Nonetheless, the plaintiff asserts that JP Morgan's voluntary discontinuance of the 2010 foreclosure action served to revoke its prior acceleration of the mortgage debt. The plaintiff's contention is foreclosed by FAPA. As relevant here, CPLR 203(h) provides that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations. Further, CPLR 3217(e) provides, in relevant part, that the voluntary discontinuance of a foreclosure action shall not toll, extend, revive, or reset the statute of limitations, unless expressly [*3]prescribed by statute. Thus, contrary to the plaintiff's contention, the statute of limitations was not reset by JP Morgan's voluntary discontinuance of the 2010 action.
The plaintiff's contention that FAPA should not be applied retroactively to this action is without merit. "Amendments are presumed to have prospective application unless the Legislature's preference for retroactivity is explicitly stated or clearly indicated. However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (Matter of Gleason [Michael Vee, Ltd.], 96 NY2d 117, 122 [citation omitted]). The Legislature enacted FAPA to "take effect immediately" and to apply to all actions in which a final judgment of foreclosure and sale has not been enforced (L 2022, ch 821, § 10). Thus, the Legislature clearly indicated that FAPA should apply to actions such as this one, where the judgment of foreclosure and sale has not been enforced (see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., _____ AD3d _____, 2024 NY Slip Op 06611, *2 [2d Dept]; Deutsche Bank Natl. Trust Co. v Dagrin, _____ AD3d _____, 2024 NY Slip Op 06623, *3 [2d Dept]; Bayview Loan Servicing, LLC v Dalal, _____ AD3d _____, _____, 2024 NY Slip Op 05767, *2 [1st Dept]; Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 44). Furthermore, the Legislature enacted FAPA in response to what it saw as an ongoing problem of abuse of the judicial foreclosure process and to recent court decisions that were contrary to the intent of the Legislature and that had enabled mortgage lenders and loan servicers to avoid strict compliance with remedial statutes and to manipulate statutes of limitations to their advantage (see U.S. Bank N.A. v Lynch, _____ AD3d _____, 2024 NY Slip Op 05261 [3d Dept]; Genovese v Nationstar Mtge. LLC, 223 AD3d at 41). FAPA is remedial in nature, and applying FAPA retroactively effects its beneficial purpose (see U.S. Bank N.A. v Lynch, _____ AD3d _____, 2024 NY Slip Op 05261; Genovese v Nationstar Mtge. LLC, 223 AD3d at 45).
The plaintiff's contention that retroactive application of FAPA violates due process is also without merit. "To comport with the requirements of due process, retroactive application of a newly enacted provision must be supported by a legitimate legislative purpose furthered by rational means" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 375 [internal quotation marks omitted]). "[A]s with prospective elements of legislation, legislative direction concerning the scope of a statute carries a presumption of constitutionality, and the party challenging that direction bears the burden of showing the absence of a rational basis justifying retroactive application of the statute" (id.). In enacting the subject provisions of FAPA, the Legislature corrected caselaw that it determined had allowed mortgage lenders and their assignees "to abuse the foreclosure process by manipulating and extending the statute of limitations to the detriment of homeowners" (U.S. Bank N.A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261, *3). Retroactive application of the subject FAPA provisions is supported by a legitimate legislative purpose that is furthered by rational means (see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., _____ AD3d at _____, 2024 NY Slip Op 06611, *2-3; Deutsche Bank Natl. Trust Co. v Dagrin, _____ AD3d at _____, 2024 NY Slip Op 06623, *3-4; Bayview Loan Servicing, LLC v Dalal, _____ AD3d at _____, 2024 NY Slip Op 05767, *2-3; U.S. Bank N.A. v Lynch, _____ AD3d at _____, 2024 NY Slip Op 05261). The plaintiff has failed to meet its burden of showing the absence of a rational basis justifying retroactive application of the statute.
The plaintiff's contention that FAPA violates the Contract Clause of the United States Constitution is without merit, as the plaintiff has identified no contractual provision that entitles it to revoke a prior acceleration of the mortgage loan debt (see 97 Lyman Ave., LLC v MTGLQ Invs., L.P., _____ AD3d at _____, 2024 NY Slip Op 06611, *3; Deutsche Bank Natl. Trust Co. v Dagrin, _____ AD3d at _____, 2024 NY Slip Op 06623, *4; Wilmington Tr., N.A. v Farkas, _____ AD3d _____, _____, 2024 NY Slip Op 05841, *3 [1st Dept]; Bayview Loan Servicing, LLC v Dalal, _____ AD3d at _____, 2024 NY Slip Op 05767, *3).
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court